**WELFARE LOAN CO v WIGGIN et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1,068. Decided May 11, 1932

J. W. Sharts, Dayton, for plaintiff in error.

F. W. Krehbiel, Dayton, and E. L. Mueller for defendant in error.

**HORNBECK, J.**

We are referred to the case of **Goyert v Eicher, Admr., et, 70 Oh St 30**, the syllabus of which reads as follows:

"An agreed statement of facts, although in writing signed by counsel of all the parties and filed, does not become a part of the record unless brought upon the record by a bill of exceptions, or the facts as agreed upon are stated in the journal entry as the court's finding of facts."

See also: **Ralston v Kohl, 30 Oh St, 92.**
**Gilson et v Carrell, 79 Oh St, 433.**

**Brown v Ohio and P. Coal Co., 48 Oh St 542.**

We know of no means whereby a reviewing court in an error proceeding can supply a bill of exceptions or statement of facts in lieu thereof. The authority and obligation of authenticating the subject matter upon which the trial court acted in reaching the judgment is by statute reposed in that court. (§11566 GC).

Counsel cannot by agreement determine what was before the trial court for adjudication. In this case no attempt appears to have been made to have the trial court authenticate the statement of facts presented to the reviewing court. Manifestly it is not fair to the trial court to have his judgment tested on review upon a statement of facts which some one else agrees are all the facts upon which he acted.

**Vol. 2, page 423, Ohio Jurisprudence says:**
"The bill of exceptions bring properly upon the record questions raised on exceptions taken in the progress of an action such statement of facts or evidence as may be necessary to show their pertinency or importance in order to aid the party in the prosecution of a proceeding in error prosecuted by the distinct mode of procedure provided by statute. It is created and provided for the specific purpose of bringing into the record matters occurring during the trial which can only be made a part of the record by means of a bill of exceptions signed by the judge."

The court can only look at the facts which the bill of exceptions actually places upon the record. Crane v Halford, W., 72. An agreement concerning the facts cannot otherwise be made a part of the record. Murdock v McNeely, 1 C. C., 16, Baldwin v State, 6 O., 15, **Ide v Churchill, 14 Oh St, 372**, Hicks v Person, 19 O., 426.

It is unfortunate that the bill of exceptions was lost and it is evident that counsel and the Common Pleas Court were attempting to make the best of an unfortunate situation. We should be glad to assist in the purpose but to do so would be acting without any authority of which we have knowledge and would establish a precedent which would in all probability cause us embarrassment and difficulty in the future.

Entertaining these views, we find that the errors assigned in the Common Pleas Court required a consideration of the evidence; that the Common Pleas Court had no duly authenticated record before it for review and therefore could not properly determine the validity of a judgment upon a consideration of the agreed statement of facts.

Indulging the presumption of regularity

and correctness which attends the record and judgment of the trial court, the Common Pleas Court could only have affirmed the judgment, which was done, and we therefore reach the same conclusion as the trial court, but for different reasons. The proposition upon which this case is decided having been raised for the first time in the reply brief, if there is any law which plaintiff in error desires to submit on the right to consider the agreed statement of facts we will consider it in a motion for rehearing.

Judgment affirmed.